ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
ANGELA L. SCOTT (Cal. Bar No. 240418)
Assistant United States Attorney
OCDETF Section
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6683
    Facsimile: (213) 894-0142
    E-mail:    angela.l.scott@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED
CLERK, U.S. DISTRICT COURT
FEB 19 2014
CENTRAL DISTRICT OF CALIFORNIA
BY                         DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CRM 14 00393 |
|---|---|
| Plaintiff, | GOVERNMENT'S NOTICE OF REQUEST FOR DETENTION |
| v. | |
| DANIEL VILLALOBOS, | |
| Defendant. | |

Plaintiff, United States of America, by and through its counsel of record, hereby requests detention of defendant and gives notice of the following material factors:

    1. <u>Temporary 10-day Detention Requested (§ 3142(d)) on the following grounds:</u>

        a. present offense committed while defendant was on release pending (felony trial), (sentencing), (appeal), or on (probation) (parole); or

1 |       \_\_\_\_  b.  defendant is an alien not lawfully admitted for
2 |                   permanent residence; and
3 |       \_\_\_\_  c.  defendant may flee; or
4 |       \_\_\_\_  d.  pose a danger to another or the community.
5 | X  2. Pretrial Detention Requested (§ 3142(e)) because no
6 |       condition or combination of conditions will reasonably
7 |       assure:
8 |       X    a. the appearance of the defendant as required;
9 |       X    b. safety of any other person and the community.
10 |      \_\_\_\_ 3. Detention Requested Pending Supervised Release/Probation
11 |                Revocation Hearing (Rules 32.1(a)(6), 46(d), and 18 U.S.C.
12 |                § 3143(a)):
13 |      \_\_\_\_  a.  defendant cannot establish by clear and convincing
14 |                   evidence that he/she will not pose a danger to any
15 |                   other person or to the community;
16 |      \_\_\_\_  b.  defendant cannot establish by clear and convincing
17 |                   evidence that he/she will not flee.
18 | X  4. Presumptions Applicable to Pretrial Detention (18 U.S.C.
19 |       § 3142(e)):
20 |      X    a.  Title 21 or Maritime Drug Law Enforcement Act
21 |               ("MDLEA") (46 U.S.C. App. 1901 et seq.) offense with
22 |               10-year or greater maximum penalty (presumption of
23 |               danger to community and flight risk);
24 |      \_\_\_\_  b.  offense under 18 U.S.C. §§ 924(c), 956(a), 2332b, or
25 |                   2332b(g)(5)(B) with 10-year or greater maximum
26 |                   penalty (presumption of danger to community and
27 |                   flight risk);
28 |

    \_\_\_\_\_  c. offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1)-(a)(3), 2252A(a)(1)-2252A(a)(4), 2260, 2421, 2422, 2423 or 2425 (presumption of danger to community and flight risk);

    \_\_\_\_\_  d. defendant currently charged with an offense described in paragraph 5a - 5e below, AND defendant was previously convicted of an offense described in paragraph 5a - 5e below (whether Federal or State/local), AND that previous offense was committed while defendant was on release pending trial, AND the current offense was committed within five years of conviction or release from prison on the above-described previous conviction (presumption of danger to community).

**X**   5. Government Is Entitled to Detention Hearing Under § 3142(f) If the Case Involves:

    \_\_\_\_\_  a. a crime of violence (as defined in 18 U.S.C. § 3156(a)(4)) or Federal crime of terrorism (as defined in 18 U.S.C. § 2332b(g)(5)(B)) for which maximum sentence is 10 years' imprisonment or more;

    \_\_\_\_\_  b. an offense for which maximum sentence is life imprisonment or death;

    **X** c. Title 21 or MDLEA offense for which maximum sentence is 10 years' imprisonment or more;

```
____    d. any felony if defendant has two or more convictions
           for a crime set forth in a-c above or for an offense
           under state or local law that would qualify under a,
           b, or c if federal jurisdiction were present, or a
           combination or such offenses;
____    e. any felony not otherwise a crime of violence that
           involves a minor victim or the possession or use of a
           firearm or destructive device (as defined in 18
           U.S.C. § 921), or any other dangerous weapon, or
           involves a failure to register under 18 U.S.C.
           § 2250;
____    f. serious risk defendant will flee;
____    g. serious risk defendant will (obstruct or attempt to
           obstruct justice) or (threaten, injure, or intimidate
           prospective witness or juror, or attempt to do so).
____ 6. Government requests continuance of ____ days for
     detention hearing under § 3142(f) and based upon the
     following reason(s):

     _____
     _____
     _____
     _____
```

//
//
//
//
//
//

1  ____   7. Good cause for continuance in excess of three days exists
2          in that:
3          _____
4          _____
5          _____
6          _____
7
8  Dated: February 19, 2014          Respectfully submitted,
9                                    ANDRÉ BIROTTE JR.
                                      United States Attorney
10
                                      ROBERT E. DUGDALE
11                                    Assistant United States Attorney
                                      Chief, Criminal Division
12
13                                    _____
                                      ANGELA L. SCOTT
14                                    Assistant United States Attorney
15                                    Attorneys for Plaintiff
                                      UNITED STATES OF AMERICA