STEPHANIE YONEKURA
Acting United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
ANGELA L. SCOTT (Cal. Bar No. 240418)
Assistant United States Attorney
OCDETFT Section
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6683
    Facsimile: (213) 894-0142
    E-mail:   angela.l.scott@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 14-132-GAF |
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT DANIEL VILLALOBOS |
| v. | |
| DANIEL VILLALOBOS, | |
| Defendant. | |

1.    This constitutes the plea agreement between DANIEL
VILLALOBOS ("defendant") and the United States Attorney's Office for
the Central District of California (the "USAO") in the above-
captioned case.  This agreement is limited to the USAO and cannot
bind any other federal, state, local, or foreign prosecuting,
enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2.    Defendant agrees to:

      a.    At the earliest opportunity requested by the USAO and
provided by the Court, appear and plead guilty to count one of the

1  indictment in <u>United States v. Daniel Villalobos</u>, CR No.14-132-GAF,
2  which charges defendant with possession with intent to distribute
3  methamphetamine in violation of 21 U.S.C. 841(a)(1),(b)(1)(B)(viii).
4          b.   Not contest facts agreed to in this agreement.
5          c.   Abide by all agreements regarding sentencing contained
6  in this agreement.
7          d.   Appear for all court appearances, surrender as ordered
8  for service of sentence, obey all conditions of any bond, and obey
9  any other ongoing court order in this matter.
10         e.   Not commit any crime; however, offenses that would be
11 excluded for sentencing purposes under United States Sentencing
12 Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not
13 within the scope of this agreement.
14         f.   Be truthful at all times with Pretrial Services, the
15 United States Probation Office, and the Court.
16         g.   Pay the applicable special assessment at or before the
17 time of sentencing unless defendant lacks the ability to pay and
18 prior to sentencing submits a completed financial statement on a form
19 to be provided by the USAO.
20                      THE USAO'S OBLIGATIONS
21    3.   The USAO agrees to:
22         a.   Not contest facts agreed to in this agreement.
23         b.   Abide by all agreements regarding sentencing contained
24 in this agreement.
25         c.   At the time of sentencing, move to dismiss the
26 remaining counts of the indictment as against defendant.  Defendant
27 agrees, however, that at the time of sentencing the Court may
28 consider any dismissed charges in determining the applicable

                                 2

1  Sentencing Guidelines range, the propriety and extent of any

2  departure from that range, and the sentence to be imposed.

3         d.   At the time of sentencing, provided that defendant

4  demonstrates an acceptance of responsibility for the offense up to

5  and including the time of sentencing, recommend a two-level reduction

6  in the applicable Sentencing Guidelines offense level, pursuant to

7  U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

8  additional one-level reduction if available under that section.

9         e.   Recommend that defendant be sentenced to a term of

10  imprisonment no higher than the low end of the applicable Sentencing

11  Guidelines range.

12         f.   Dismiss the information filed on July 31, 2014, to

13  enhance defendant's sentence pursuant to Title 21, United States

14  Code, Section 851, based on defendant's prior convictions for felony

15  drug offenses.

16                      NATURE OF THE OFFENSE

17      4.   Defendant understands that for defendant to be guilty of

18  the crime charged in count one, that is, possession with intent to

19  distribute methamphetamine in violation of 21 U.S.C.

20  841(a)(1),(b)(1)(B)(viii), the following must be true: (1) Defendant

21  knowingly possessed methamphetamine; and (2) Defendant possessed it

22  with the intent to distribute it to another person.  Defendant admits

23  that defendant is, in fact, guilty of this offense as described in

24  count one of the indictment.

25      5.   Defendant understands that for defendant to be subject to

26  the statutory maximum and statutory minimum sentences set forth

27  below, the government must prove beyond a reasonable doubt that

28  defendant possessed with the intent to distribute at least five grams

of methamphetamine.  Defendant admits that defendant, in fact, possessed with the intent to distribute at least five grams of methamphetamine, that is, 21.4 grams of methamphetamine, as described in count one of the indictment.

PENALTIES

6.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 21 U.S.C. § 841(a)(1),(b)(1)(B)(viii) is: 40 years imprisonment; a lifetime period of supervised release; a fine of $5,000,000; and a mandatory special assessment of $100.

7.   Defendant understands that the statutory mandatory minimum sentence that the Court must impose for a violation of Title 21, United States Code, Section 841(a), (b)(1)(B)(viii) is: five years' imprisonment, followed by a four-year period of supervised release, and a mandatory special assessment of $100.

8.   Defendant understands that under 21 U.S.C. § 862a, defendant will not be eligible for assistance under state programs funded under the Social Security Act or Federal Food Stamp Act or for federal food stamp program benefits, and that any such benefits or assistance received by defendant's family members will be reduced to reflect defendant's ineligibility.

9.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could

4

result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

10. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that once the court accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

11. Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future. The court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony conviction in this case. Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

<u>FACTUAL BASIS</u>

12. Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty. Defendant

5

1   and the USAO agree to the statement of facts provided below and agree

2   that this statement of facts is sufficient to support a plea of

3   guilty to the charge described in this agreement and to establish the

4   Sentencing Guidelines factors set forth in paragraph 14 below but is

5   not meant to be a complete recitation of all facts relevant to the

6   underlying criminal conduct or all facts known to either party that

7   relate to that conduct.

8        On March 27, 2013, in Pasadena, California, defendant possessed

9   with the intent to deliver to someone else approximately 21.6 grams

10  of 99.1% pure methamphetamine (21.4 grams of actual methamphetamine)

11  and approximately 50 grams of a mixture or substance containing a

12  detectible amount of heroin, which were on defendant's person and in

13  defendant's vehicle.  Also on March 27, 2013, defendant possessed

14  $2,074 in cash, which were proceeds from defendant's narcotics

15  trafficking.

16                          SENTENCING FACTORS

17       13.  Defendant understands that in determining defendant's

18  sentence the Court is required to calculate the applicable Sentencing

19  Guidelines range and to consider that range, possible departures

20  under the Sentencing Guidelines, and the other sentencing factors set

21  forth in 18 U.S.C. § 3553(a).  Defendant understands that the

22  Sentencing Guidelines are advisory only, that defendant cannot have

23  any expectation of receiving a sentence within the calculated

24  Sentencing Guidelines range, and that after considering the

25  Sentencing Guidelines and the other § 3553(a) factors, the Court will

26  be free to exercise its discretion to impose any sentence it finds

27  appropriate between the mandatory minimum and up to the maximum set

28  by statute for the crime of conviction.

1     14.   Defendant and the USAO agree to the following applicable

2 Sentencing Guidelines factors:

3     Base Offense Level:           28     [U.S.S.G. § 2D1.1(c)(6)]

4

5 Defendant and the USAO reserve the right to argue that additional

6 specific offense characteristics, adjustments, and departures under

7 the Sentencing Guidelines are appropriate.   Defendant understands

8 that defendant's offense level could be increased if defendant is a

9 career offender under U.S.S.G. §§ 4B1.1 and 4B1.2.   If defendant's

10 offense level is so altered, defendant and the USAO will not be bound

11 by the agreement to Sentencing Guideline factors set forth above.

12     15.   Defendant understands that there is no agreement as to

13 defendant's criminal history or criminal history category.

14     16.   Defendant and the USAO reserve the right to argue for a

15 sentence outside the sentencing range established by the Sentencing

16 Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1),

17 (a)(2), (a)(3), (a)(6), and (a)(7).

18                   <u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

19     17.   Defendant understands that by pleading guilty, defendant

20 gives up the following rights:

21           a.     The right to persist in a plea of not guilty.

22           b.     The right to a speedy and public trial by jury.

23           c.     The right to be represented by counsel - and if

24 necessary have the court appoint counsel -- at trial.   Defendant

25 understands, however, that, defendant retains the right to be

26 represented by counsel - and if necessary have the court appoint

27 counsel - at every other stage of the proceeding.

28

1          d.    The right to be presumed innocent and to have the

2    burden of proof placed on the government to prove defendant guilty

3    beyond a reasonable doubt.

4          e.    The right to confront and cross-examine witnesses

5    against defendant.

6          f.    The right to testify and to present evidence in

7    opposition to the charges, including the right to compel the

8    attendance of witnesses to testify.

9          g.    The right not to be compelled to testify, and, if

10   defendant chose not to testify or present evidence, to have that

11   choice not be used against defendant.

12         h.    Any and all rights to pursue any affirmative defenses,

13   Fourth Amendment or Fifth Amendment claims, and other pretrial

14   motions that have been filed or could be filed.

15                   WAIVER OF APPEAL OF CONVICTION

16        18.   Defendant understands that, with the exception of an appeal

17   based on a claim that defendant's guilty plea was involuntary, by

18   pleading guilty defendant is waiving and giving up any right to

19   appeal defendant's conviction on the offense to which defendant is

20   pleading guilty, including any right to appeal the adverse

21   determination of defendant's "Motion to Suppress Evidence Derived

22   from Unlawful Stop, Detention and Search" filed on August 4, 2014.

23               LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

24        19.   Defendant agrees that, provided the Court imposes a total

25   term of imprisonment on all counts of conviction of no more than 188

26   months, defendant gives up the right to appeal all of the following:

27   (a) the procedures and calculations used to determine and impose any

28   portion of the sentence; (b) the term of imprisonment imposed by the

8

1    Court; (c) the fine imposed by the court, provided it is within the

2    statutory maximum; (d) the term of probation or supervised release

3    imposed by the Court, provided it is within the statutory maximum;

4    and (e) any of the following conditions of probation or supervised

5    release imposed by the Court: the conditions set forth in General

6    Orders 318, 01-05, and/or 05-02 of this Court; the drug testing

7    conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the

8    alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

9        20.   Defendant also gives up any right to bring a post-

10   conviction collateral attack on the conviction or sentence, except a

11   post-conviction collateral attack based on a claim of ineffective

12   assistance of counsel, a claim of newly discovered evidence, or an

13   explicitly retroactive change in the applicable Sentencing

14   Guidelines, sentencing statutes, or statutes of conviction.

15       21.   This agreement does not affect in any way the right of the

16   USAO to appeal the sentence imposed by the Court.

17       22.   The USAO agrees that, provided all portions of the sentence

18   are at or above the statutory minimum and at or below the statutory

19   maximum specified above, the USAO gives up its right to appeal any

20   portion of the sentence.

21               RESULT OF WITHDRAWAL OF GUILTY PLEA

22       23.   Defendant agrees that if, after entering a guilty plea

23   pursuant to this agreement, defendant seeks to withdraw and succeeds

24   in withdrawing defendant's guilty plea on any basis other than a

25   claim and finding that entry into this plea agreement was

26   involuntary, then (a) the USAO will be relieved of all of its

27   obligations under this agreement; and (b) should the USAO choose to

28   pursue any charge or any allegation of a prior conviction for a

                                  9

1  felony drug offense that was either dismissed or not filed as a

2  result of this agreement, then (i) any applicable statute of

3  limitations will be tolled between the date of defendant's signing of

4  this agreement and the filing commencing any such action; and

5  (ii) defendant waives and gives up all defenses based on the statute

6  of limitations, any claim of pre-indictment delay, or any speedy

7  trial claim with respect to any such action, except to the extent

8  that such defenses existed as of the date of defendant's signing this

9  agreement.

10              RESULT OF VACATUR, REVERSAL OR SET-ASIDE

11      24.  Defendant agrees that if the count of conviction is

12  vacated, reversed, or set aside, both the USAO and defendant will be

13  released from all their obligations under this agreement.

14                 EFFECTIVE DATE OF AGREEMENT

15      25.  This agreement is effective upon signature and execution of

16  all required certifications by defendant, defendant's counsel, and an

17  Assistant United States Attorney.

18                    BREACH OF AGREEMENT

19      26.  Defendant agrees that if defendant, at any time after the

20  signature of this agreement and execution of all required

21  certifications by defendant, defendant's counsel, and an Assistant

22  United States Attorney, knowingly violates or fails to perform any of

23  defendant's obligations under this agreement ("a breach"), the USAO

24  may declare this agreement breached.  All of defendant's obligations

25  are material, a single breach of this agreement is sufficient for the

26  USAO to declare a breach, and defendant shall not be deemed to have

27  cured a breach without the express agreement of the USAO in writing.

28  If the USAO declares this agreement breached, and the Court finds

such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

27.   Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge or any allegation of a prior conviction for a felony drug offense that was either dismissed or not filed as a result of this agreement, then:

a.   Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.   Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.   Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

1        COURT AND PROBATION OFFICE NOT PARTIES

2        28.   Defendant understands that the Court and the United States

3   Probation Office are not parties to this agreement and need not

4   accept any of the USAO's sentencing recommendations or the parties'

5   agreements to facts or sentencing factors.

6        29.   Defendant understands that both defendant and the USAO are

7   free to: (a) supplement the facts by supplying relevant information

8   to the United States Probation Office and the Court, (b) correct any

9   and all factual misstatements relating to the Court's Sentencing

10  Guidelines calculations and determination of sentence, and (c) argue

11  on appeal and collateral review that the Court's Sentencing

12  Guidelines calculations and the sentence it chooses to impose are not

13  error, although each party agrees to maintain its view that the

14  calculations in paragraph 13 are consistent with the facts of this

15  case.  While this paragraph permits both the USAO and defendant to

16  submit full and complete factual information to the United States

17  Probation Office and the Court, even if that factual information may

18  be viewed as inconsistent with the facts agreed to in this agreement,

19  this paragraph does not affect defendant's and the USAO's obligations

20  not to contest the facts agreed to in this agreement.

21       30.   Defendant understands that even if the Court ignores any

22  sentencing recommendation, finds facts or reaches conclusions

23  different from those agreed to, and/or imposes any sentence up to the

24  maximum established by statute, defendant cannot, for that reason,

25  withdraw defendant's guilty plea, and defendant will remain bound to

26  fulfill all defendant's obligations under this agreement.  Defendant

27  understands that no one -- not the prosecutor, defendant's attorney,

28  or the Court -- can make a binding prediction or promise regarding

                                12

the sentence defendant will receive, except that it will be within
the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

31.   Defendant understands that, except as set forth herein,
there are no promises, understandings, or agreements between the USAO
and defendant or defendant's attorney, and that no additional
promise, understanding, or agreement may be entered into unless in a
writing signed by all parties or on the record in court.

<u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

32.   The parties agree that this agreement will be considered
part of the record of defendant's guilty plea hearing as if the

//

//

13

1  entire agreement had been read into the record of the proceeding.

2  AGREED AND ACCEPTED

3  UNITED STATES ATTORNEY'S OFFICE
   FOR THE CENTRAL DISTRICT OF
4  CALIFORNIA

5  STEPHANIE YONEKURA
   Acting United States Attorney

6

7  _____        Date  10/1/14
   ANGELA I. SCOTT
8  Assistant United States Attorney

9  _____        Date  9/30/14
   DANIEL VILLALOBOS
10 Defendant

11 _____        Date  9/30/14
   STEPHANIE THORNTON-HARRIS
12 Attorney for Defendant DANIEL
   VILLALOBOS

13

14

15

16                        CERTIFICATION OF DEFENDANT

17        I have read this agreement in its entirety.  I have had enough

18 time to review and consider this agreement, and I have carefully and

   thoroughly discussed every part of it with my attorney.  I understand
19
   the terms of this agreement, and I voluntarily agree to those terms.
20
   I have discussed the evidence with my attorney, and my attorney has
21
   advised me of my rights, of possible pretrial motions that might be
22
   filed, of possible defenses that might be asserted either prior to or
23
   at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),
24
   of relevant Sentencing Guidelines provisions, and of the consequences
25
   of entering into this agreement.  No promises, inducements, or
26
   representations of any kind have been made to me other than those
27
   contained in this agreement.  No one has threatened or forced me in
28

                                     14

1  any way to enter into this agreement.  I am satisfied with the
2  representation of my attorney in this matter, and I am pleading
3  guilty because I am guilty of the charges and wish to take advantage
4  of the promises set forth in this agreement, and not for any other
5  reason.

6  _____          _____9/30/14_____
7  DANIEL VILLALOBOS                           Date 9/30/14
   Defendant

8

9

10                CERTIFICATION OF DEFENDANT'S ATTORNEY

11       I am Daniel Villalobos's attorney.  I have carefully and
12  thoroughly discussed every part of this agreement with my client.
13  Further, I have fully advised my client of his rights, of possible
14  pretrial motions that might be filed, of possible defenses that might
15  be asserted either prior to or at trial, of the sentencing factors
16  set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines
17  provisions, and of the consequences of entering into this agreement.
18  To my knowledge: no promises, inducements, or representations of any
19  kind have been made to my client other than those contained in this
20  agreement; no one has threatened or forced my client in any way to
21  enter into this agreement; my client's decision to enter into this
22  agreement is an informed and voluntary one; and the factual basis set
23  forth in this agreement is sufficient to support my client's entry of
24  a guilty plea pursuant to this agreement.

25  _____          _____9/30/14_____
26  STEPHANIE THORNTON-HARRIS                   Date 9/30/14
   Attorney for Defendant DANIEL
27  VILLALOBOS

28

                                  15